RECEIVED

JUN 1 6 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| KIM DUPLECHIN, ET AL. | * | CIVIL ACTION NO. 05-1926 |
|---|---|---|
| VERSUS | * | JUDGE MELANÇON |
| JAMES BROUSSARD, ET AL. | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Pending before the undersigned for report and recommendation is the Motion to Dismiss for Failure of Timely Service filed by Blue's Enterprises, Inc. ("Blue's"). [rec. doc. 13]. For those reasons set out below, **IT IS RECOMMENDED** that the Motion to Dismiss be **DENIED.**

## BACKGROUND

Plaintiffs, Kim Duplechin and Stephanie Choplain, filed the instant suit on November 9, 2005. [rec. doc. 1]. Plaintiffs filed a Motion for Extension of Time to Serve Process in which plaintiffs' alleged that good cause existed to extend the time for service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. [rec. doc. 4]. That Motion was granted by Order dated April 21, 2006, and accordingly, plaintiffs were granted an extension of time through May 26, 2006 to effect service on the defendants. [rec. doc. 5]. This court's records indicate, and Blue's admits in the instant Motion, that service was perfected on May 23, 2006. [rec. docs. 8; 13-1, p. 1; 13-2, p. 1]. Blue's filed an answer to the plaintiffs' Complaint as well as the instant Motion to Dismiss on June 12, 2006. [rec. docs. 11 and 13].

In the instant Motion, Blue's contends that it was not served within the 120 day period provided in Rule 4(m), and that the plaintiffs have failed to demonstrate good cause for that failure. Accordingly, Blue's requests that this lawsuit be dismissed.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 4(m) requires that service of the summons and complaint be made upon a defendant within 120 days after the filing of the complaint. However, Rule 4(m) allows an extension of time for service on a showing of good cause. FRCP 4(m)[1]; *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Thus, if good cause is present, a district court must extend time for service. Even if good cause does not exist, however, the court may, in its discretion, extend time for service. *Thompson*, 91 F.3d at 21.

Given the above chronology, this court has already found good cause to extend the time for service. Accordingly, plaintiffs were granted until May 26, 2006 to effect proper service on Blue's. It is undisputed that plaintiffs served Blue's on May 23, 2006, within the extended period for service granted by this court. For these reasons, Blue's Motion should be denied. It is clear that plaintiffs have fully complied with the requirements of Rule 4 and the deadline for service set by this court, and that service was therefore timely.

---

[1] Federal Rule of Civil Procedure 4(m) provides as follows:
    If the service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

2

Moreover, given the circumstances of this case, noting that Blue's has been properly served within this court's deadline and already filed it's answer to this lawsuit, the undersigned finds that Blue's will not be unfairly prejudiced by having to defend this action. Finally, this result comports with the overall policy of federal courts to resolve disputes on their merits, rather than on procedural or technical grounds.

## CONCLUSION

Based on the foregoing, it is recommended that the Motion to Dismiss for Failure of Timely Service by Blue's Enterprises, Inc. [rec. doc. 13] be **DENIED.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. Douglass v. United Services Automobile Association, 79 F.3d. 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 16 day of June, 2006, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

3